THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY MCMAHON, )<br>)<br>*Plaintiff*, )<br>v. )<br>)<br>S&M AUTO BROKERS, INC., )<br>)<br>*Defendant*. ) | No. 24 C 09660<br><br>Chief Judge Virginia M. Kendall |

**OPINION AND ORDER**

This Court entered an order of default against Defendant S&M Auto Brokers, Inc. ("S&M Auto") on November 21, 2024. (Dkt. 15). Now before the Court is S&M Auto's Motion to Vacate the order of default pursuant to Federal Rule of Civil Procedure 55(c). (Dkts. 15, 21). S&M Auto's motion is denied.

**BACKGROUND**

On October 7, 2024, Plaintiff, Anthony McMahon, filed the instant Complaint against S&M Auto alleging the company violated the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA), 815 ILCS 505/2, when it sold him a 2021 GMC Sierra earlier in the year. (Dkt. 1 at 1, 10). In connection with the sale of the vehicle, McMahon and S&M Auto signed an arbitration agreement that named the American Arbitration Association ("AAA") as S&M Auto's arbitrator of choice. (Ex. 2, Dkt. 1-2 (Arbitration Agreement)). McMahon states that he only filed the federal lawsuit after S&M Auto refused to respond to his June 18, 2024 arbitration demand, and the AAA declined to administer McMahon's claim on July 18, 2024, because S&M Auto had previously failed to comply with the AAA's Consumer Rules and Protocol. (Dkt. 1 at 1; Ex. 3, Dkt. 1-3 at 2 (AAA Declination Letter); Dkt. 23 at 3).

1

On July 22, 2024, shortly after the AAA declined to administer McMahon's claim, an individual identified as "Sam" called one of McMahon's attorneys, stated he was not represented by counsel of his own, and expressed an interest in settling the case. (Dkt. 23 at 3–4). Two days later, McMahon's counsel sent Sam a settlement demand of $77,009.09 via email. (Ex. 3, Dkt. 23-2 at 5 (07/24/24 Settlement Demand)). On July 26, 2024, S&M Auto's attorney of record in the instant action, Raed Shalabi, called McMahon's counsel and informed him that S&M Auto had retained Shalabi. (Dkt. 23 at 4). Throughout the course of the day on July 26th, two of McMahon's attorneys and Shalabi exchanged emails but could not ultimately reach a settlement agreement. (Exs. 4–7, Dkt. 23-2 at 6–20 (07/26/24 Settlement Discussions)). The email exchange ended with one of McMahon's attorneys telling Shalabi that McMahon intended to file suit. (Ex. 7, Dkt. 23-2 at 17). McMahon filed his Complaint in this Court on October 7, 2024. (Dkt. 1). S&M was served one week later, on October 14, 2024. (Dkt. 9).

On October 15, 2024, McMahon filed a Motion for Settlement Conference and sent a Notice of Motion to S&M Auto via U.S. Mail. (Dkt. 7; Dkt. 8 at 2). McMahon's counsel also emailed Shalabi directly on October 17, 2024, with the federal case number, a copy of the complaint, and a copy of the Motion for Settlement Conference. (Ex. 12, Dkt. 23-4 at 11 (10/17/2024 Email to Shalabi)). The Notice of Motion for Settlement Conference indicated that McMahon's counsel would present the motion at a status hearing then scheduled for November 21, 2024 at 9:30 a.m. (Dkt. 8 at 1).

The Motion for Settlement Conference was dismissed as moot on October 21, 2024 because the parties were first required to file a Joint Status Report with the Court. (Dkt. 10). This led to McMahon's attorneys reaching out to Shalabi yet again on November 5, 2024, asking for his input on a draft of the Joint Status Report. (Ex. 13, Dkt. 23-4 at 13 (Initial Status Report Email)).

At this point, more than twenty-one days passed since McMahon filed his Complaint, and S&M Auto had yet to file an appearance or an answer. McMahon's counsel told Shalabi in the November 5, 2024 email that Shalabi's client was "in technical default" and that they "reserve[d] the right to file a motion for default judgment against your client and plan to, if you do not participate in the initial status report." (*Id.*) Shalabi never responded to this email, and McMahon filed an initial status report without S&M Auto's input on November 14. (Dkt. 11).

True to their word, McMahon's counsel filed a Motion for Judgment Upon Default on November 14, 2024. (Dkt. 12). Notice of the motion was sent to S&M Auto via U.S. Mail and included the same hearing date and time this Court had previously set: November 21, 2024 at 9:30 a.m. (Dkt. 13). On its own accord, the Court pushed back the scheduled status hearing by thirty minutes on November 20, 2024. (Dkt. 14). On November 21, 2024, the hearing proceeded. Neither Shalabi nor anyone else appeared on S&M Auto's behalf. The Court granted McMahon's motion, entered an Order of Default as to S&M Auto, and scheduled a prove-up hearing on damages for the following month. (Dkt. 15).

Nearly three weeks later, on December 11, 2024, Raed Shalabi entered an appearance for S&M Auto. (Dkt. 16). Eight days after that, on December 19, 2024, he filed a two-page Motion to Vacate the Court's entry of default. (Dkt. 21). In that motion, S&M Auto, through its representative, Shalabi, offered the following explanations for its default:

(1) S&M Auto received McMahon's Notice of Motion for a Settlement Conference, not McMahon's Notice of Motion for Default Judgment. (*Id.* at 1).

(2) The Notice of Motion for a Settlement Conference had the "incorrect time"—a reference to the fact that this Court changed the time of the status hearing on November 21, 2024 from 9:30 a.m. to 10:00 a.m. (*Id.* at 2).

3

(3) Shalabi received multiple "Error!" messages when attempting to file his appearance and was only able to do so after contacting the District Court directly. (*Id.*)

## DISCUSSION

Federal Rule of Civil Procedure 55(c) provides that the "court may set aside an entry of default for good cause."[1] The moving party must show: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630 (7th Cir. 2009) (quoting *Sun v. Bd of Trs. of the Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007)). While Rule 55(c) motions are analyzed with leniency, given the Court's general "policy of favoring trial on the merits over default judgment," this does not mean that motions to set aside entries of default are granted as a matter of course. *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014) (quoting *Cracco*, 559 F.3d at 631). Indeed, there are strong countervailing interests at play, including burdens on the Court's docket, "legitimate reliance on the default by the nonmoving party," and the fact that "[j]udges must be able to enforce deadlines." *Swaim v. Moltan Co.*, 73 F.3d 711, 722 (7th Cir.1996); *In re Kilgus*, 811 F.2d 1112, 1118 (7th Cir. 1987); *see also Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 47 (7th Cir. 1994) ("We have long since moved away from the position of disfavoring default judgments, and we are therefore increasingly reluctant to set them aside.").

### I. Good Cause

S&M Auto proffers that good cause exists to vacate the entry of default in this case. (*See* Dkt. 21 at 2). Good cause for default may exist if a party "fail[ed] to respond to a summons or complaint through inadvertence." *Norman v. City of Lake Station*, 845 Fed. App'x 459, 460 (7th

---

[1] Federal Rule of Civil Procedure 60(b) also provides a mechanism by which a party can seek relief from a final judgment of default, but that Rule does not apply here as the Court has not yet "enter[ed] a final default judgment awarding damages." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630 (7th Cir. 2009).

4

Cir. 2021). When a party's default can be attributed to willful disregard of ongoing litigation, on the other hand, "the liberal attitude of vacating default judgments is sharply modified." *Bieganek v. Taylor*, 801 F.2d 879, 882 (7th Cir. 1986); *see also C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1204 (7th Cir. 1984) (noting motions to vacate default judgments should only be applied liberally in the "exceptional circumstance where the events contributing to the default judgment have not been within the meaningful control of the defaulting party, or its attorney"). S&M Auto characterizes its conduct as mere "inadvertent mistakes," but the record before the Court tells a different story. (Dkt. 30 at 2).

McMahon filed this case on October 14, 2024. Between that date and November 14, 2024—when McMahon moved for a default Judgment—S&M Auto and Shalabi were notified when the complaint was filed, given the federal case number, asked to contribute to a joint status report, informed of pending motions, and even directly warned that S&M Auto was in default under the Federal Rules. (*See* Ex. 12, Dkt. 23-4 at 11; Ex. 13, Dkt. 23-4 at 13). This, too, was after several months of communications during which McMahon attempted to arbitrate and settle the case to no avail. (*See* Ex. 3, Dkt. 1-3 at 2; Exs. 3–7, Dkt. 23-2 at 5–20). Despite numerous touchpoints, opportunities, and warnings, Shalabi did not file an appearance on S&M's behalf until December 11, 2024, nearly three weeks after the Court ordered an entry of default. (*See* Dkt. 15; Dkt. 16). Still, S&M Auto delayed. It took another eight days for Shalabi to file a roughly two-page Motion to Vacate. (*See* Dkt. 21).

S&M Auto's Motion to Vacate is meaningful for what it does not say. Shalabi, on behalf of S&M Auto, does not claim he had inadequate notice of the lawsuit. Indeed, he cannot, given that he was emailed the complaint and case number directly on October 17. (*See* Ex. 12, Dkt. 23-4 at 11). He does not explain why he did not contribute to the Joint Status Report that McMahon's

5

attorneys sent to him on November 5. Despite receiving the November 5 email warning that McMahon would move for default if Shalabi did not contribute to the report, Shalabi does not explain why he did not respond nor what he was doing in the nine days between when the email was sent and when McMahon moved for a default judgment on November 14. Instead, S&M Auto's primary argument in its Motion to Vacate is that it had incomplete or inaccurate notice of McMahon's Motion for Default Judgment and when that motion was to be presented before the Court. (*See* Dkt. 21 at ¶¶ 4–10).

There are several problems with S&M Auto's argument. First, S&M Auto was not entitled to notice of McMahon's Motion for Default Judgment, as Rule 55's notice requirements apply only to non-moving parties who have appeared in a case. *See Zuelke Tool & Eng'g Co. v. Anderson Die Castings, Inc.*, 925 F.2d 226, 231 (7th Cir. 1991) (holding "no notice was due" under Federal Rule of Civil Procedure 55(b)(2) to a party who had not made an appearance in the district court). Second, even if the Court were to accept S&M Auto's dubious implication that a thirty-minute time change caused it to miss the hearing on November 21, 2024, that explanation ignores the fact that it was in default in this case on November 5, 2024. In this sense, the date and time of the November 21 hearing are entirely beside the point of why S&M Auto failed to defend this case. Further, the Court moved the hearing thirty minutes *later* than it was originally noticed for; not thirty minutes earlier. Presumably, if S&M Auto did not know of the time change, the attorney would be sitting in the courtroom at 9:30 – waiting for Court to begin.[2] The thirty minute time change had no impact on his lack of notice.

Next, Shalabi claims to have had trouble entering an appearance in this case. He says he received multiple "Error!" messages when he attempted to file his appearance electronically but

---

[2] Of course, Shalabi also would have known about the time change had he filed an appearance promptly upon receiving notice of the suit.

does not explain when this occurred. (Dkt. 21 at ¶ 11). Ultimately, he states he got in contact with staff members at the District Court who helped him rectify the issue but, again, offers no information as to how soon after experiencing the "Error!" messages he was able to resolve the issue. (*Id.* at ¶ 12). Either way, this excuse falls woefully short of "good cause," as it in no way justifies months of inaction.

This is not a case of simple inadvertence or mistake. *See, e.g.*, *Norman*, 845 Fed. App'x at 460 (finding "general mistake" rather than "willful avoidance" when defendant's mail room employees failed to deliver a complaint and summons to the proper officials). Rather, S&M Auto and Shalabi consciously disregarded this litigation and the multiple, direct efforts to notify them about its status. *See Bieganek*, 801 F.2d at 882 (acknowledging that parties are "properly defaulted" when given "various chances and warned" about the possibility of default but persist in ignoring the pending litigation). S&M Auto offers no justifiable reason for its lack of participation, leading this Court to conclude that it willfully disregarded the case. S&M Auto fails to show that good cause existed for its default.

**II.     Quick Action**

Aside from disregarding the case entirely, Shalabi was required to take quick action to vacate the default. What satisfies the quick action prong necessarily "varies from case to case." *Escamilla v. United States*, 62 F.4th 367, 372 (7th Cir. 2023). Here, S&M Auto moved to vacate the Court's November 21, 2024 entry of default four weeks later, on December 19, 2024. (*See* Dkt. 15; Dkt. 21). Although four weeks is not an exceedingly long period of time standing alone, the bigger problem appears when S&M Auto's delay is taken in context of the notice it received. *See Sullivan v. Gen. Plumbing, Inc.*, 2007 WL 1030236, at *4 (N.D. Ill. Mar. 31, 2007) ("In some cases a delay of even a few weeks is unacceptable."). S&M Auto knew of McMahon's intent to

7

file suit in July 2024 and had actual notice that the suit was filed in October. (*See* Dkt. 9; Ex. 12, Dkt. 23-4 at 11). Yet, S&M Auto did not participate in the lawsuit until a month after default had been entered. *See, e.g.*, *Magic Sleep Mattress Co. v. Northfield Ins. Co.*, 2017 WL 2180505, at *3 (N.D. Ill. May 18, 2017) (noting quick action determinations are not solely based on when a defendant had notice of default but also how long they knew about the lawsuit before acting). S&M Auto's pattern of delay and disregard throughout these proceedings does not satisfy the quick action prong.

### III. Meritorious Defense

Finally, even if Shalabi had taken quick action to vacate the default, he must also demonstrate that he can present a "meritorious defense" to the complaint, meaning "more than bare legal conclusions . . . but less than a definitive showing that the defense will prevail." *Parker*, 772 F.3d at 505. Each element to a 55(c) motion is necessary but not sufficient to vacate entry of default judgment. Thus, a meritorious defense alone will not suffice to excuse a defaulting party's willful disregard for ongoing litigation.[3] *See Zuelke Tool & Eng'g Co.*, 925 F.2d at 230 ("[W]e need not pause long on the issue of a meritorious defense. Even if one exists, standing alone, it cannot excuse carelessness."). S&M Auto did not offer *any* defenses to the complaint in its original motion to vacate the default judgment, only doing so in its Reply. (*See* Dkt. 30 at 2–4). McMahon points this out in a Motion to Strike S&M Auto's Reply, arguing S&M Auto impermissibly raised new arguments that it waived by failing to include them in their original filing. (*See* Dkt. 31 at 1). In his proposed Answer and Affirmative Defenses, S&M primarily denies the allegations and then attempts to shift any fraud claim to the auction house where S&M purchased the vehicle, claiming that Plaintiff should be the one to sue the auction house. Of course, Plaintiff had no direct dealings

---

[3] The same, of course, is true as to the quick action prong.

with the auction house and therefore claims of fraud against the auction house would need to be brought by S&M, not Plaintiff. Even if the Court were to consider the defenses raised in S&M Auto's Reply and construe them as sufficient to satisfy the meritorious defense prong of the Rule 55(c) analysis, they would not be enough to tip the balance in favor of granting S&M Auto's Motion to Vacate, given the clear failures on the first two prongs.

## CONCLUSION

For the reasons set forth above, the Court denies S&M Auto's Motion to Vacate Default Judgment [15]. McMahon's Motion to Strike Defendant's Reply Brief in Support of its Motion to Vacate Default Judgment [31] is denied as moot.

_____
Virginia M. Kendall
United States District Judge

Date: January 29, 2025