IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY McMAHON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 24-cv-9660 |
| S & M AUTO BROKERS, INC. | ) | |
| Defendant. | ) | Jury Demand |

**PLAINTIFF'S MOTION TO WITHDRAW CLAIMS FOR PUNITIVE DAMAGES, EMOTIONAL DISTRESS DAMAGES, AND TO SET AN EXPEDITED BRIEFING SCHEULE TO CONCLUDE DAMAGES PROVE UP, AND FEE PETITION PROCEEDINGS**

Plaintiff, Anthony McMahon ("Plaintiff" or "McMahon") through his undersigned attorneys, moves to withdraw his claims for emotional distress and punitive damages and to set an expedited briefing schedule to conclude damages prove up and fee petition proceedings:

1. Although McMahon is entitled to distress and punitive damages, he does not want to burden the Court with a jury trial on those issues or to pay for his attorneys to pursue those claims. McMahon has already spent too much on the settlement proceedings which failed and on responding to Defendant's baseless motion to vacate the default judgment. His fees are now approximately twice as large as they were before Defendant contested the default. McMahon has paid all of his lawyers' fees making them presumably reasonable.[1] Defendant claims that

[1] A court may forego a line-by-line analysis of billings in order to ascertain reasonableness and instead may find fees reasonable because the client paid for the services. *Medcom v. Holding Co. v. Baxter Travenol Labs, Inc.,* 200 F.3d 518, 520 (7th Cir. 1999) (reh'g denied Jan. 12, 2000). The *Medcom* court found the scope of a court's review of reasonableness as to attorneys' fees is "quite limited" and focuses on the "commercial reasonableness" of the fees. In fact, if the fees in dispute were "*actually paid* in the ordinary course of…business," strong evidence exists that what the prevailing party is requesting is commercially reasonable. *Id.* (emphasis in original) In conjunction with evidence of payment, the court also examines whether the client paid without knowing

McMahon is not entitled to fees because before he filed suit, it offered to take the car back only if it could sell him another car. However, failing to offer full recission damages and simply offering to sell him another car does not render a claim moot and in any event, this would be a "mootness" defense to liability which is no longer available due to the default judgment. When a default judgment is entered, the defendant is precluded from litigating any facts related to liability. The well-pleaded allegations in the complaint regarding liability are taken as true, and the defendant cannot dispute these issues. *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). The Complaint at paragraph 20 alleged that Defendant had made this incomplete settlement offer. Docket #1 ¶ 20.

2. Because Defendant has now appeared and is before the Court (having attempted unsuccessfully to vacate the default judgment), McMahon will no longer seek benefit of the bargain damages which require expert testimony as was sought in his original damages prove-up petition.

3. Instead, McMahon will be exercising his option to seek recission damages and to unwind the transaction by returning the vehicle at issue to Defendant with a return to him by Defendant of all out-of-pocket costs. These damages, unlike benefit of the bargain damages, can be itemized and proven on an undisputed basis in the manner of a partial summary judgment motion saving the parties and the Court considerable resources.

4. As stated, McMahon had previously sought a benefit of the bargain damages in his damages prove-up petition before Defendant appeared and unsuccessfully sought to vacate the default judgment. Rescission damages, unlike benefit of the bargain damages, will not require a jury trial with competing expert damages opinions. As stated, recission damages which will make

---

that it would be reimbursed for its litigation costs under a fee petition. *Metavante Corp. v. Emigrant Sav. Bank,* 05-CV-1221, 2009 WL 4556121, at *47 (E.D. Wis. Nov. 27, 2009), *aff'd* 619 F. 3d 748 (7th Cir. 2010).

McMahon whole, can be presented in an itemized and liquidated amount on a basis that cannot be disputed.[2]

5. McMahon will now be seeking recission damages based on unwinding the transaction (just as he sought in the settlement mediation proceedings eliminating any disputes between experts over diminished value damages). The Illinois Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act") allows for these equitable damages claims because it allows the Court to award "actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a. This broad language makes clear that the Court can provide equitable relief, such as rescission.

6. A court can award rescission damages in a consumer fraud claim and order the unwinding of the deal. Rescission is an equitable remedy that cancels a contract and returns the parties to their pre-contract status, requiring each party to return any benefits received under the contract. *Pardo v. Mecum Auction Inc.*, 77 F.Supp.3d 703, 711 (N.D. Ill. 2014). This remedy is typically available when a contract is obtained by fraud, material breach, or mutual agreement. *Id.* In the context of consumer fraud, courts have held that rescission is appropriate to restore the parties to the status quo ante, meaning the position they were in before the contract was executed. For example, in a case where plaintiffs were induced to buy a house through fraudulent misrepresentations, the court declared a rescission of the contract and ordered the defendants to refund the purchase price. *Kleczek v. Jorgensen*, 328 Ill.App.3d 1012, 1015 (4th Dist. 2002).

---

[2] Expert testimony is needed to prove the diminished value at the time of sale. *Kim v. Mercedes-Benz, U.S.A., Inc.*, 353 Ill. App. 3d 444, 457 (1st Dist. 2004), opinion modified on reh'g (Oct. 21, 2004). *Giammanco v. Giammanco*, 253 Ill. App. 3d 750, 759 (2nd Dist. 1993) described that method:

> [O]ne method of calculating damages in cases of fraudulent misrepresentation or concealment is the difference between the value that the property would have had at the time of sale if the defects did not exist and the value the property actually had at the time of the sale due to the defects.

7. Unwinding the deal here means that McMahon will return the vehicle and its title to Defendant and Defendant will pay McMahon approximately $54,153.32 (exclusive of fees and litigation costs) calculated as follows:

**Recission for the Vehicle**
$50,636.00 ($24,000 minus loan of $15,933; $8,167 value of trade-in plus $5,000 down payment + $37,468).[3]
**Insurance Payments**
$2,276.26
**Inspection & Repairs by Clift Buick**
$370.60
**Vehicle Rental Costs**
$656.97
**Michigan Vehicle Registration**
$1,113.49

Prejudgment interest is awarded for lost use of the money McMahon has spent. 735 ILCS 5/2-1303. McMahon will submit the prejudgment interest calculation with his recission damage prove up motion. McMahon will also submit documents and records proving all the above listed recission damages on an undisputed basis.

8. Because "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits" no evidentiary hearing is required on the recission damages claim. *Quincy Bioscience, LLC v. Ellishbooks*, 19-1799, 2020 WL 1966846, n. 25 (7th Cir. Apr. 24, 2020).

9. A fee and cost petition can also be decided without the need for an evidentiary hearing (and certainly without a jury trial) based on affidavit submissions and billing and cost records, particularly when here, Plaintiff has paid all his attorneys' invoices (thus making the fees presumably reasonable). Federal Rule of Civil Procedure Rule 54(d)(2)(C) provides that the court must give an opportunity for adversary submissions on the motion for attorney's fees, but it does

---

[3] Because the loan includes interest charges this number will increase depending on the day Defendant is ordered to pay and in fact pays such recission damages. McMahon will submit with his prove up motion a more precise loan repayment calculation which will include a per diem daily amount so that the Court can calculate such damages precisely.

not mandate an evidentiary hearing. The decision to hold an evidentiary hearing on attorney's fees and costs is within the court's discretion. The Seventh Circuit has consistently held that a district court does not abuse its discretion by declining to conduct an evidentiary hearing on attorney's fees if the issues can be adequately resolved through written submissions and the parties' briefings. *Royce v. Michael R. Needle P.C.*, 950 F.3d 481, 487 (7th Cir. 2020).

10. McMahon has a substantial basis, as this Court is well aware, to seek both stress damages and punitive damages particularly given Defendant's track record in defrauding other consumers, and that the default judgment includes a finding of a knowing and willful violation of the Consumer Fraud Act. However, in the interest of efficiency which also saves Defendant fees, McMahon wants to move forward with a summary judgment type of hearing on recission damages and attorney's fees and costs to save judicial resources and minimize the additional fees he needs to expend. Defendant has already run up his fees by seeking to vacate the default judgment without a reasonable basis and falsely claiming that McMahon is the cause of the attorney's fees incurred in this matter.

11. Having been defrauded and paid all of his now substantial attorney's fees and litigation costs, McMahon is entitled to be made whole as the Consumer Fraud Act contemplates. Consistent with the policy of full compensation, it has been held, for example, to be an abuse of discretion for trial courts not to award post-trial fees, such as fees for time spent on preparing fee petitions or responding to motions to reconsider. *McNiff v. Mazda Motor of America, Inc.,* 384 Ill.App.3d 401, 408 (4th Dist. 2008); *Berlak v. Villa Scalabrini Home for the Aged, Inc.*, 284 Ill.App.3d 231, 243-44 (1st Dist. 1996). As the Illinois Supreme Court recognized in *Krautsack v. Anderson,* 223 Ill.2d 541, 557 (2006), there is no requirement that the award of attorneys' fees be tied to any percentage of the recovery, as that would frustrate the purpose of encouraging

consumers to vindicate their rights. *Cannon v. William Chevrolet/Geo, Inc.*, 341 Ill.App.3d 674, 686 (1st Dist. 2003); *see, e.g., Demitro v. Gen. Motors Acceptance Corp.*, 388 Ill.App.3d 15, 25 (1st Dist. 2009) (affirming award of $7,566.06 in compensatory damages and $53,101.00 in attorney fees, and $1,151.50 in costs under the Consumer Fraud Act.) In the words of the Illinois Supreme Court:

> The ability to recover attorney fees, however, allows defrauded consumers, whose claims are frequently small, to obtain counsel and seek redress under the Act. (citations omitted). Compromising a consumer's ability to recover legal fees renders the protections of the Act illusory.

*Allen v. Woodfield Chevrolet,* 208 Ill.2d 12, 30-31 (2003).

WHEREFORE, McMahon requests that the Court allow McMahon to withdraw his stress and punitive damages claims and set this matter for prove-up and award of attorney's fees and costs based on written submissions and to set an expedited briefing schedule on the same.

ANTHONY McMAHON

By: /s/ James V. DiTommaso
One of his attorneys

James V. DiTommaso
Peter S. Lubin
Patrick Austermuehle
Terrence Buehler
Lubin Austermuehle DiTommaso, P.C.
17W220 22nd Street, Suite 410
Oakbrook Terrace, IL 60181
630-333-0333
james@l-a.law
peter@l-a.law
patrick@l-a.law
tbuehler@tbuehlerlaw.com